IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CLOVIS L DOUGLAS, | : | |
| Petitioner, | : : : | |
| v. | : : | CASE NO. 7:14-CV-60-HL-MSH 28 U.S.C. § 2241 |
| ICE, *et al.*, | : : | |
| Respondents. | : | |

_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondents' motion to dismiss Petitioner's application for habeas relief. (ECF No. 14.) Petitioner failed to respond to the motion to dismiss. For the reasons explained below, Respondents' motion should be granted.[1]

## BACKGROUND

On April 15, 2014, Petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner is challenging his current incarceration claiming that he should not be subject to his order of removal from February 6, 2014. (Pet. for Writ of Habeas Corpus 2.) Specifically, Petitioner states that he is being illegally held because he is not an alien. (*Id.* at 1-2.) Petitioner did not appeal the final order of removal. (*Id.* at 5-6.) Respondent filed the presently pending motion to dismiss on July 7, 2014. (ECF No. 14.) Petitioner failed to respond. This motion is now ripe for review.

---

[1] Petitioner has filed two motions for appointment of counsel (ECF Nos. 9, 11.). Because it is recommended that Respondents' motion to dismiss be granted, it is further recommended that Petitioner's motions be denied as moot.

## DISCUSSION

Petitioner moves for habeas relief claiming that his order of removal and detention is invalid because he is a derivative United States citizen. (Pet. for Writ of Habeas Corpus 6-7.) In other words, Petitioner is challenging the propriety of the final order of removal. This Court lacks jurisdiction to review Petitioner's final order of removal under the REAL ID Act. 8 U.S.C. § 1252. Specifically, the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances. *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review."). Here, because there is a final order of removal and because Petitioner is contesting factual determinations made concerning that final order of removal, this Court lacks jurisdiction under the REAL ID Act to hear Petitioner's claim.[2]

---

[2] The Court notes that Petitioner did not make an argument that he should be released pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Such an argument would be premature as Petitioner

2

## CONCLUSION

For the reasons explained above, Respondents' motion to dismiss (ECF No. 14) should be granted and Petitioner's motions for appointment of counsel (ECF Nos. 9, 11) should be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED this 29th day of September, 2014.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

filed this application for habeas relief prior to the expiration of the six month presumptively valid removal period. *See Zadvydas*, 533 U.S. at 682 (finding six months to be a reasonable amount of time to secure an alien's removal); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (explaining that to state a claim under *Zadvydas*, the six month period "must have expired at the time [Petitioner's] petition was filed").